IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

Calvin Lyndale Gaddy,                          )
                                               )
        Petitioner,                            )     Case No. 8:10-1743-JFA-JDA
                                               )
        v.                                     )     **REPORT AND RECOMMENDATION**
                                               )     **OF MAGISTRATE JUDGE**
Michael McCall, Warden,                        )
                                               )
        Respondent.                            )
_____ )

This matter is before the Court on Respondent's motion for summary judgment. [Doc. 19.] Petitioner is a state prisoner who seeks relief pursuant to Title 28, United States Code, Section 2254. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B) and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review post-trial petitions for relief and submit findings and recommendations to the District Court.

Petitioner filed this Petition for writ of habeas corpus on July 6, 2010. [Doc. 1.] On October 13, 2010, Respondent filed a motion for summary judgment and a return and memorandum. [Docs. 19, 20.] On November 8, 2010, Petitioner filed a response in opposition to Respondent's motion for summary judgment. [Doc. 23.] Having carefully considered the parties' submissions and the record in this case, the Court recommends that Respondent's motion for summary judgment be granted and the Petition be denied.

## BACKGROUND

Petitioner is currently incarcerated in the Perry Correctional Institution of the South Carolina Department of Corrections pursuant to orders of commitment from the Clerk of Court for Lancaster County. Petitioner was indicted on August 2, 2007 for murder. [Doc.

20-2.]  He was represented by William Frick on the charges.  [App. 1.]  On August 17,

2007, Petitioner pled guilty to the lesser included offense of voluntary manslaughter.  [App.

1–42.]  Petitioner was sentenced to twenty-five years imprisonment.  [App. 41.]

**PCR Proceedings**

Petitioner filed a pro se application for post-conviction relief ("PCR") on February 11,

2008 [Doc. 20-3], alleging as his grounds for relief (1) ineffective assistance of counsel, (2)

involuntary guilty plea, and (3) denial of discovery/denial of due process/subject matter

jurisdiction [*id.* at 3].   As supporting facts, Petitioner alleged "25 years of involuntary

manslaughter is not a lesser included plea"; "counsel failed to investigate/did not object to

defective indictment"; "counsel said that I will do only a couple [2 or 3] years, and sentence

non-violent;" and "had counsel investigated he would ha[ve] discovered facts that would

have produced eviden[c]e for a heat of passion defense."  [*Id.*]

The State made a return to Petitioner's PCR application on April 23, 2008.  [App.

47–51.]  Petitioner was represented by Charles T. Brooks, III, in his PCR proceedings.

[*See* App. 52–93.] Counsel filed three amendments to the PCR application.  [App. 52–59.]

In the first amendment, counsel merely added factual assertions to the PCR application;

he did not add any new legal grounds.  [App. 59.]  In the second amendment, counsel

added a new ground relating to lack of subject matter jurisdiction based on failure to waive

presentment of the indictment and reiterated the ineffective assistance of counsel and

involuntary guilty plea grounds based on plea counsel's advising Petitioner to enter a guilty

plea.  [App. 54–58.]  Finally, in the third amendment, counsel appears to have reiterated

the failure to waive presentment of the indictment issue.  [App. 52–53.]

2

An evidentiary hearing was held on August 24, 2009.  [App. 60–93.]  At the evidentiary hearing, the PCR court heard testimony from Petitioner; Petitioner's stepfather, Scott White; Mamie Wilson, who was with Petitioner when he discussed a guilty plea with his plea counsel; and plea counsel, Frick.  [*Id*.]  On October 15, 2009, the PCR court denied and dismissed Petitioner's PCR application.[1]  [App. 94–100.]  Petitioner timely appealed.  [App. 101.]

On March 1, 2010, Wanda H. Carter filed a *Johnson* petition for writ of certiorari on Petitioner's behalf.  [Doc. 20-4 at 1–8].  The *Johnson* petition raised the following issue:

> The PCR court erred in denying petitioner's allegation that counsel erred in failing to adequately advise him regarding sentencing consequences to the extent that counsel advised that the sentencing cap was ten years, but petitioner interpreted counsel's advice to mean he would receive a sentence of a few years only and ultimately, the sentence issued was twenty-five years instead.

[*Id.* at 3.]  Petitioner filed a pro se response to the *Johnson* petition on March 17, 2010. [*Id.* at 11–22.]  Certiorari was denied on April 7, 2010.  [*Id.* at 23.]  The Supreme Court issued remittitur on April 23, 2010.  [Doc. 14-5.]

**Petition for Writ of Habeas Corpus**

Petitioner filed this petition for writ of habeas corpus on July 6, 2010 pursuant to 28 U.S.C. § 2254.  [Doc. 1.]  Petitioner raises the following grounds for relief, quoted substantially verbatim:

> Ground One:  Violation of Petitioner's Due process Rights Involuntary (plea) by prosecution failure to disclose favor[a]ble evidence; Did Not receive Notice of intent to cause Death

---

[1]The Order of dismissal was filed on October 21, 2009.  [App. 94–100.]

Supporting Facts:  Petitioner contends that on August 17[,] 2007 He plead guilty to a lesser included offense from murder to manslaughter without receiving Adequate Notice of the intent to cause the Death was a[n] essential element of Manslaughter, and the state failed to Disclose At the Hearing or prior to that the Autopsy Report (which) stipulated that the cause of Death was undetermined.  Contributing factor Cocaine Ingestion

Ground Two:  INEFFective Assistan[ce] of Counsel INEFFective Assistan[ce] of Appellate Counsel

Supporting Facts:  Counsel Failed to inform petitioner that the Autopsy Report, which was part of Discovery, specified that the Death was undetermined.  Petitioner had no indication that the intent to cause Death was a[n] Element of Manslaughter. (Appellate Counsel Failed to raise other issues) Defense Counsel also did not explain to him that his plea would be a[n] admission of the design to effect the death, the reason being the Autopsy Report which is exculpatory

Ground Three:  Subject Matter Jurisdiction conviction obtained by action of a grand or petit jury unconstitutionally

Supporting Facts:  Petitioner alleges that the Grand jury could not have been selected or impaneled, because the[re] is not even a body to the indictment, which violates 17-19-90 and 17-19-20, so they did not have the power to determine[] any kind of class of Individuals to be indicted without the elements or body of (Indic[t]ment.)

Ground Four:  Conviction obtained by use of coerced confession

Supporting Facts:  Petitioner was deliberat[el]y deceived to plead guilty thinking he would get 5 years after counsel advise[d] him that the time would not be severe, several family members testified on record to counsel['s] conduct in reference to pleading to a lesser included offense, without informing defendant that he may not have caused the Death.

[*Id*.]  As previously stated, Respondent filed a motion for summary judgment on October 13, 2010 [Doc. 19], which is now ripe for review.

## APPLICABLE LAW

**Liberal Construction of Pro Se Complaint**

Petitioner brought this action *pro se*, which requires the Court to liberally construe his pleadings. *Estelle v. Gamble*, 429 U.S.97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Pro se pleadings are held to a less stringent standard than those drafted by attorneys. *Haines*, 404 U.S. at 520. Even under this less stringent standard, however, the pro se Petition is still subject to summary dismissal. *Id.* at 520–21. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct the petitioner's legal arguments for him. *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**Summary Judgment Standard**

Rule 56 of the Federal Rules of Civil Procedure states, as to a party who has moved for summary judgment:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a). A fact is "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such

that a reasonable jury might return a verdict for the non-movant.  *Id.* at 257.  When determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party.  *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings.  *Id.* at 324.  Rather, the non-moving party must demonstrate specific, material facts exist that give rise to a genuine issue.  *Id.*  Under this standard, the existence of a mere scintilla of evidence in support of the non-movant's position is insufficient to withstand the summary judgment motion.  *Anderson,* 477 U.S. at 252.  Likewise, conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion.  *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir.1985).  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted."  *Anderson*, 477 U.S. at 248.  Further, Rule 56 provides in pertinent part:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> > (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only),

6

> admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).  Accordingly, when Rule 56(c) has shifted the burden of proof to the non-movant, he must produce existence of a factual dispute on every element essential to his action that he bears the burden of adducing at a trial on the merits.

**Habeas Corpus**

### *Generally*

Because Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended.  *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett,* 134 F.3d 615 (4th Cir. 1998).  Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;  or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable."  *Williams v. Taylor*, 529 U.S. 362, 410 (2000).  "A state court's

determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision," and "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Harrington v. Richter*, 131 S.Ct. 770, 786 (2011). Moreover, state court factual determinations are presumed to be correct, and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

### *Procedural Bar*

Federal law establishes this Court's jurisdiction over habeas corpus petitions. 28 U.S.C. § 2254. This statute permits relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States" and requires that a petitioner present his claim to the state's highest court with authority to decide the issue before the federal court will consider the claim. *Id.* The separate but related theories of exhaustion and procedural bypass operate to require a habeas petitioner to first submit his claims for relief to the state courts. A habeas corpus petition filed in this Court before the petitioner has appropriately exhausted available state-court remedies or has otherwise bypassed seeking relief in the state courts will be dismissed absent unusual circumstances detailed below.

#### *Exhaustion*

Section 2254 contains the requirement of exhausting state-court remedies and provides as follows:

> (b)    (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
> > (A) the applicant has exhausted the remedies available in the courts of the State; or

8

(B)    (i) there is an absence of available State corrective process; or

(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

(2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

(3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254.  The statute requires that, before seeking habeas corpus relief, the petitioner first must exhaust his state court remedies.  *Id.* § 2254(b)(1)(A).  "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court."  *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997).  Thus, a federal court may consider only those issues that have been properly presented to the highest state courts with jurisdiction to decide them.

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction: (1) through a direct appeal, or (2) by filing an application for PCR. State law requires that all grounds for relief be stated in the direct appeal or PCR application.  S.C. App. Ct. R. 203; S.C. Code Ann. § 17-27-90; *Blakeley v. Rabon*, 221 S.E.2d 767, 770 (S.C. 1976).  If the PCR court fails to address a claim as required by S.C.

9

Code Ann. § 17-27-80, counsel for the applicant must make a motion to alter or amend the judgment.   S. C. R. Civ. P. 59(e).   Failure to do so will result in the application of a procedural bar to that claim by the South Carolina Supreme Court.   *Marlar v. State*, 653 S.E.2d 266 (S.C. 2007).[2]   Further, strict time deadlines govern direct appeal and the filing of a PCR application in the South Carolina courts.   For direct appeal, a notice of appeal must be filed and served on all respondents within ten days after the sentence is imposed or after receiving written notice of entry of the order or judgment.   S.C. App. Ct. R. 203(b)(2), (d)(1)(B).   A PCR application must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision.   S.C. Code Ann. § 17-27-45.

If any avenue of state relief is still available, the petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts.   *Richardson v. Turner*, 716 F.2d 1059, 1062 (4th Cir. 1983); *Patterson v. Leeke*, 556 F.2d 1168 (4th Cir. 1977).   Therefore, in a federal petition for habeas relief, a petitioner may present only those issues that were presented to the South Carolina Supreme Court through direct appeal or through an appeal from the denial of a PCR application, regardless of whether the Supreme Court actually reached the merits of the claim.

*Procedural Bypass*

Procedural bypass, sometimes referred to as procedural bar or procedural default, is the doctrine applied when a petitioner seeks habeas corpus relief based on an issue he

---

[2]In *Bostick v. Stevenson*, 589 F.3d 160 (4th Cir. 2009), the Fourth Circuit found that, prior to the Supreme Court of South Carolina's November 5, 2007 decision in *Marlar*, South Carolina courts had not uniformly and strictly enforced the failure to file a motion pursuant to Rule 59(e) as a procedural bar.  589 F.3d at 162–65.  Accordingly, for matters in which there was a PCR ruling prior to November 5, 2007, the Court will not consider any failure to raise issues pursuant to Rule 59(e) to effect a procedural bar.

failed to raise at the appropriate time in state court, removing any further means of bringing that issue before the state courts. In such a situation, the petitioner has bypassed his state remedies and, as such, is procedurally barred from raising the issue in his federal habeas petition. *See Smith v. Murray*, 477 U.S. 527, 533 (1986). The United States Supreme Court has stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts. *See id.* Bypass can occur at any level of the state proceedings if a state has procedural rules that bar its courts from considering claims not raised in a timely fashion. *Id.*

The Supreme Court of South Carolina will refuse to consider claims raised in a second appeal that could have been raised at an earlier time. *See* S.C. Code Ann. § 17-27-90; *Aice v. State*, 409 S.E.2d 392, 394 (S.C. 1991). Further, if a prisoner has failed to file a direct appeal or a PCR application and the deadlines for filing have passed, he is barred from proceeding in state court. S.C. App. Ct. R. 203(d)(3), 243. If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. *See Reed v. Ross*, 468 U.S. 1, 11 (1984); *see also Kornahrens v. Evatt*, 66 F.3d 1350, 1357 (4th Cir. 1995). As the United States Supreme Court explained:

> . . . [State procedural rules promote] not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

*Reed*, 468 U.S. at 10–11.

11

However, if a federal habeas petitioner can show both (1) "'cause' for noncompliance with the state rule" and (2) "'actual prejudice resulting from the alleged constitutional violation[,]'" the federal court may consider the claim. *Smith*, 477 U.S. at 533 (quoting *Wainwright v. Sykes*, 433 U.S. 72, 84 (1977)). When a petitioner has failed to comply with state procedural requirements and cannot make the required showing of cause and prejudice, the federal courts generally decline to hear the claim. *Murray v. Carrier*, 477 U.S. 478, 496 (1986). Further, if the petitioner does not raise cause and prejudice, the court need not consider the defaulted claim. *See Kornahrens*, 66 F.3d at 1363.

If a federal habeas petitioner has failed to raise a claim in state court and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court. *Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991). Absent a showing of cause and actual prejudice, a federal court is barred from considering the claim. *Wainwright*, 433 U.S. at 87. In such an instance, the exhaustion requirement is technically met, and the rules of procedural bar apply. *Teague v. Lane*, 489 U.S. 288, 297–98 (1989); *Matthews*, 105 F.3d at 915 (citing *Coleman*, 501 U.S. at 735 n.1; *Teague*, 489 U.S. at 297–98; *George v. Angelone*, 100 F.3d 353, 363 (4th Cir. 1996); *Bassette v. Thompson*, 915 F.2d 932, 937 (4th Cir. 1990)).

### Cause and Actual Prejudice

Because the requirement of exhaustion is not jurisdictional, this Court may consider claims that have not been presented to the South Carolina Supreme Court in limited circumstances—where a petitioner shows sufficient cause for failure to raise the claim and

actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or where a "fundamental miscarriage of justice" has occurred, *Murray*, 477 U.S. at 495–96. A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim, where the novelty of the constitutional claim is such that its legal basis is not reasonably available to the petitioner's counsel. *Id.* at 487–89; *Reed*, 468 U.S. at 16. Absent a showing of "cause," the court is not required to consider "actual prejudice." *Turner v. Jabe*, 58 F.3d 924, 931 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice to excuse a default. *Murray*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error. *Engle v. Isaac*, 456 U.S. 107, 134–35 (1982).

As an alternative to demonstrating cause for failure to raise the claim, the petitioner must show a miscarriage of justice. To demonstrate a miscarriage of justice, the petitioner must show he is actually innocent. *See Murray*, 477 U.S. at 496 (holding a fundamental miscarriage of justice occurs only in extraordinary cases, "where a constitutional violation has probably resulted in the conviction of someone who is actually innocent"). Actual innocence is defined as factual innocence, not legal innocence. *Bousley v. United States*, 523 U.S. 614, 623 (1998). To pass through this actual innocence standard, the petitioner's case must be truly extraordinary. *Murray*, 477 U.S. at 496.

## **DISCUSSION**

**Procedurally Barred Grounds**

Procedural default is an affirmative defense that is waived if not raised by respondents. *Gray v. Netherland*, 518 U.S. 152,165–66 (1996). It is a petitioner's burden to raise cause and prejudice or actual innocence. If not raised by the petitioner, the court need not consider the defaulted claim. *Kornahrens v. Evatt*, 66 F.3d 1350 (4th Cir. 1995).

Respondent acknowledges that Petitioner has exhausted his available state court remedies. [Doc. 20 at 4.] Respondent argues, however, that Grounds One, Two, and Four are procedurally barred because Petitioner did not properly raise these claims in state court. [Doc. 20.] The Court finds that Grounds One, Two, and Three are procedurally barred from federal habeas review.

### *Ground One*

With respect to Ground One—"Violation of Petitioner's Due process Rights Involuntary (plea) by prosecution failure to disclose favor[a]ble evidence; Did Not receive Notice of intent to cause Death"—Petitioner failed to raise this issue to the PCR court, and the claim is procedurally barred.

Under South Carolina law, an issue must be raised or preserved in a lower court for an appellate court to consider the issue. *Pye v. Estate of Fox*, 633 S.E.2d 505, 510 (S.C. 2006). To classify a claim as having been raised in state court, it must be "fairly presented" to the state court. *Picard v. Connor*, 404 U.S. 270, 275–78 (1971). A fair presentation requires "both the operative facts and the controlling legal principles" be presented to the

14

state court. *Matthews*, 105 F.3d at 911 (quoting *Verdin v. O'Leary*, 972 F.2d 1467, 1474 (7th Cir. 1992)).

The Court has reviewed the PCR record in this case and can find only two mentions of failure to disclose the autopsy report; both mentions occurred at the evidentiary hearing, and neither Petitioner's original PCR application nor counsel's amendments reference the autopsy report. [*See* App. 66 ("I requested many other times for the autopsy report that – the indictments, what I would plead to, I was never presented with none of that. And Your Honor, Brady violation and the due process, I was entitled to stuff that would have been helpful with my defense."), 67 ("[B]ut after I found this new information, I wanted to go to trial and let the jury decide. If it said – the autopsy said it can't be determined. I think I deserved a little trial. I think I deserved to let 12 decide this.").] However, these references to the autopsy report were in the context of Petitioner's claim that his guilty plea was involuntary. Accordingly, Petitioner has not satisfied the fair representation requirement as to this claim. *See Matthews*, 105 F.3d at 911 ("The ground relied upon must be presented face-up and squarely; the federal question must be plainly defined. Oblique references which hint that a theory may be lurking in the woodwork will not suffice." (internal quotation marks omitted) (quoting *Mallory v. Smith*, 27 F.3d 991, 995 (4th Cir. 1994))). Moreover, even if the Court were to construe this claim as having been raised to the PCR court, the PCR court did not rule on Petitioner's claim regarding the failure to disclose the autopsy report. Petitioner failed to file a Rule 59(e) motion to preserve this

issue for appeal; therefore, Ground One is procedurally defaulted.[3]  *See Marlar*, 643 S.E.2d at 267 (stating that if a PCR court fails to specifically rule on an issue, "counsel has an obligation . . . to file a Rule 59(e), SCRCP, motion to alter or amend" the order to preserve that issue for appeal).  As such, the issue of failure to disclose the autopsy report is barred from  federal habeas review absent a showing of cause and actual prejudice.

**Ground Two**

With respect to Ground Two—"INEFFective Assistan[ce] of Counsel INEFFective Assistan[ce] of Appellate Counsel"—Petitioner failed to raise this issue to the PCR court, and the claim is procedurally barred.

Petitioner's ineffective assistance of counsel claim in this Petition relates to his plea counsel's alleged failure to inform Petitioner of the autopsy report and failure to inform Petitioner that intent to cause death was an element of manslaughter.  In his PCR application and amendments, Petitioner's ineffective assistance of counsel claims related to plea counsel's failure to object to a defective indictment, misrepresentation that Petitioner would receive a sentence of only two to three years, and failure to investigate to discover facts that would have supported a heat of passion defense.  Accordingly, Petitioner failed to present this ineffective assistance of counsel claim for failure to inform Petitioner of the autopsy report and failure to inform Petitioner that intent to cause death

---

[3]Although Petitioner attempted to present this issue to the South Carolina Supreme Court, and the Supreme Court summarily denied Petitioner's petition for certiorari, Petitioner was procedurally barred from arguing this claim to the Supreme Court because he failed to file a Rule 59(e) motion seeking a specific ruling on this issue from the PCR court.  *See, e.g., Simmons v. Bazzle*, No. 08-1028, 2009 WL 823302, at *5 (D.S.C. Mar. 26, 2009) (holding that issues not properly preserved for appellate review by the South Carolina Supreme Court on certiorari were procedurally defaulted); *Dash v. Hagan*, No. 08-278, 2009 WL 151527, at *2, 6 (D.S.C. Jan. 21, 2009) (holding claim procedurally defaulted where no Rule 59(e) motion was made, even though the petition for certiorari had been filed and dismissed).

was an element of manslaughter to the PCR court, and this claim is procedurally barred absent a showing of cause and actual prejudice.

### Ground Three

With respect to Ground Three—"Subject Matter Jurisdiction conviction obtained by action of a grand or petit jury unconstitutionally"—the Court construes this claim as a challenge to the sufficiency of the indictment.  However, Petitioner failed to challenge the sufficiency of the indictment at trial or on direct appeal; therefore, this claim is procedurally barred.[4]

In a late nineteenth century case, the South Carolina Supreme Court explained the importance of an indictment:

> "The indictment is the charge of the state against the defendant, the pleading by which he is informed of the fact, and the nature and scope of the accusation. When that indictment is presented, that accusation made, that pleading filed, the accused has two courses of procedure open to him. He may question the propriety of the accusation, the manner in which it has been presented, the source from which it proceeds, and have these matters promptly and properly determined; or, waiving them, he may put in issue the truth of the accusation, and demand the judgment of his peers on the merits of the charge. If he omits the former, and chooses the latter, he ought not, when defeated on the latter[—]when found guilty of the crime charged[—]to be permitted to go back to the former, and inquire as to the manner and means by which the charge was presented."

*State v. Faile*, 20 S.E. 798, 801 (S.C. 1895) (quoting *Ex parte Wilson*, 140 U.S. 575 (1891)).  Under South Carolina law, any objection to an indictment must be made before

---

[4]Although Respondent claims Ground Three should be dismissed because subject matter jurisdiction is a state law issue and a challenge to subject matter jurisdiction is not cognizable in a federal habeas petition, as explained in more detail below, Ground Three is procedurally barred because it was not first raised at trial or on direct appeal in the state courts.

the jury is sworn. S.C. Code Ann. § 17-19-90; *State v. Fonseca*, 681 S.E.2d 1, 3 (S.C. Ct. App. 2009). For a time, South Carolina law conflated subject matter jurisdiction and the sufficiency of an indictment such that S.C. Code Ann. § 17-19-90 was not strictly applied. *See State v. Gentry*, 610 S.E.2d 494, 498–500 (S.C. 2005). However, in *Gentry*, the Supreme Court held, "[I]f an indictment is challenged as insufficient or defective, the defendant must raise that issue before the jury is sworn and not afterwards." *Id.* at 499.

Here, Petitioner failed to challenge the validity and sufficiency of the indictment at trial or on direct appeal. Instead, Petitioner raised the claim for the first time in his PCR application and amendments. However, "[i]ssues that could have been raised at trial or on direct appeal cannot be asserted in an application for post-conviction relief absent a claim of ineffective assistance of counsel." *Drayton v. Evatt*, 430 S.E.2d 517, 520 (S.C. 1993) (citing *Hyman v. State*, 299 S.E.2d 330 (S.C. 1983)). Because Petitioner did not raise this issue as an ineffective assistance of counsel claim, it is barred from collateral review at the state level, *see id.*, and, therefore, procedurally barred from federal habeas review absent a showing of cause and actual prejudice.

### *Cause and Prejudice*

As previously stated, a federal court may consider a procedurally defaulted claim if the federal habeas petitioner can show cause and actual prejudice. The existence of cause must ordinarily turn on whether the petitioner can show some objective factor external to the defense impeded counsel's or the petitioner's efforts to comply with the state's procedural rule. *Murray*, 477 U.S. at 488. Petitioner fails to articulate cause for procedurally defaulting on Grounds One, Two, and Three. In fact, Petitioner does not

18

address Grounds One and Two in his response in opposition to Respondent's motion for summary judgment.  [*See* Doc. 20-3.]  Moreover, in his discussion of Ground Three, Petitioner fails to articulate a reason why his challenge to the indictment was not raised in state court.  Accordingly, Petitioner has not established cause and actual prejudice with respect to the procedurally-defaulted grounds.  Therefore, the Court recommends that summary judgment be granted as to Grounds One, Two, and Three.

**Ground Four**

With respect to Ground Four—"Conviction obtained by use of a coerced confession"—the Court notes that this issue is most likely procedurally barred from federal habeas review because Petitioner failed to allege in his PCR proceedings that his confession was coerced.  However, a review of the supporting facts indicates that Petitioner appears to allege that his *guilty plea* was coerced, not that his *confession* was coerced.  Although Petitioner did not allege a coerced plea in his PCR proceedings, he alleged an involuntary plea.  Thus, in an abundance of caution and construing the pro se Petition liberally, the Court will address the merits of Ground Four.

Ground Four is, in essence, a claim of ineffective assistance of counsel, alleging that plea counsel (1) misrepresented to Petitioner the sentence he would receive by entering a guilty plea and (2) failed to inform Petitioner that he may not have caused the death.  With respect to the allegation that counsel failed to inform Petitioner that he may not have caused the death, this assertion relates to counsel's failure to inform Petitioner of the autopsy report, which was found to be procedurally barred in the discussion of Ground Two, above.  Accordingly, the remaining claim will be construed as an ineffective

assistance of counsel claim for misrepresenting the sentence to Petitioner and an involuntary guilty plea claim.

When evaluating a habeas petition based on a claim of ineffective assistance of counsel, "the question is not whether counsel's actions were reasonable" but "whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Harrington*, 131 S. Ct. at 788. In *Strickland v. Washington*, the Supreme Court established that to challenge a conviction based on ineffective assistance of counsel, a prisoner must prove two elements: (1) his counsel was deficient in his representation and (2) he was prejudiced as a result. 466 U.S. 668, 687 (1984). To satisfy the first prong of *Strickland*, a prisoner must show that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. To satisfy the second prong of *Strickland*, a prisoner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 692. The Supreme Court cautioned that "[j]udicial scrutiny of counsel's performance must be highly deferential," and "[b]ecause of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. Judicial review of counsel's performance is "doubly deferential when it is conducted through the lens of federal habeas." *Yarborough v. Gentry*, 540 U.S. 1, 6 (2003).

A guilty plea must represent "a voluntary and intelligent choice among the alternative courses of action open to the defendant," *North Carolina v. Alford*, 400 U.S. 25, 31 (1970), and may be invalid if it was induced by threats or misrepresentations, *Brady v. United*

20

*States*, 397 U.S. 742, 755 (1970).  However, a defendant's statements at the guilty plea hearing are presumed to be true.  *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977).  Unsupported allegations on appeal or in a collateral proceeding are insufficient to overcome representations made during the guilty plea hearing.  *Via v. Superintendent, Powhatan Corr. Ctr.*, 643 F.2d 167, 171 (4th Cir. 1981).

Here, the PCR made a credibility determination and found counsel's testimony that he made no assurance regarding Petitioner's sentence and instead informed Petitioner that he could receive the maximum sentence was credible and Petitioner's testimony was not credible.  That credibility determination is supported by the record.  Petitioner's witnesses at the PCR evidentiary hearing testified they heard plea counsel say Petitioner may get four to five years, but both testified that plea counsel did not promise Petitioner any such sentence.  [App. 76, 78.]  Counsel testified that he anticipated Petitioner would not receive the maximum sentence but made no specific promises to the Petitioner about a term of years.  [App. 82–83.]  The credibility determination is supported by the record and is also entitled to deference here.  *See* 28 U.S.C. § 2254(d)(2) (stating that relief "shall not be granted" unless the decision at issue was "based on an unreasonable determination of facts in light of the evidence presented in the State court proceeding").

Moreover, the PCR court's finding that Petitioner's guilty plea was freely and voluntarily entered is supported by the record.  The plea judge informed Petitioner of the maximum penalty [App. 7] and Petitioner's right to remain silent and to a  jury trial [App. 8–9].  The plea judge further informed Petitioner that Petitioner was waiving any defenses to the charges and waiving the right to challenge his incriminating statements.  [App. 9–10.] Petitioner affirmed that no one promised him anything, threatened him, or mistreated him

21

to coerce a plea.  [App. 10-11.]  Moreover, at the PCR evidentiary hearing, Petitioner testified that he understood when the judge told him he could be sentenced to between two and thirty years and was waiving his right to a jury trial and to remain silent.  [App. 70.] Petitioner also  testified that he was not threatened to plead guilty and that he pled guilty of his own free will and accord.  [App. 71.]  Therefore, the Court finds the record supports the PCR court's conclusion that Petitioner failed to show his plea counsel provided ineffective assistance and that Petitioner's plea was involuntary, and the Court recommends that summary judgment be granted as to Ground Four.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, the Court recommends that Respondent's motion for summary judgment be GRANTED and the Petition be DENIED.

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin
United States Magistrate Judge

August 23, 2011
Greenville, South Carolina