IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Calvin Lyndale Gaddy, | ) | C/A No. 8:10-1743-JFA-JDA |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| Warden Michael McCall, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

The *pro se* petitioner, Calvin Gaddy, is an inmate with the South Carolina Department

of Corrections.   He brings this petition under 28 U.S.C. § 2254 challenging his 2007 state

court conviction for involuntary manslaughter.

The Magistrate Judge assigned to this action[1] has prepared a Report and

Recommendation wherein she suggests that the court should grant the respondent's motion

for summary judgment.[2]   The Report sets forth in detail the relevant facts and standards of

law on this matter, and the court incorporates such without a full recitation.

The parties were advised of their right to file objections to the Report and

Recommendation which was entered on the docket on August 23, 2011.  Both parties filed

---

[1]   The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local
Civil Rule 73.02.  The Magistrate Judge makes only a recommendation to this court.  The recommendation
has no presumptive weight, and the responsibility to make a final determination remains with the court.
*Mathews v. Weber*, 423 U.S. 261 (1976).  The court is charged with making a *de novo* determination of those
portions of the Report to which specific objection is made and the court may accept, reject, or modify, in
whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate
Judge with instructions.  28 U.S.C. § 636(b)(1).

[2]   An order was issued pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) notifying
petitioner of the summary dismissal procedure and possible consequences if he failed to adequately respond
to the motion for summary judgment. Petitioner responded to the motion.

timely objections which the court will address herein.

PROCEDURAL HISTORY

Petitioner was indicted for murder in August 2007 in the Lancaster County Court of General Sessions.  He pled guilty to the lesser included offense of voluntary manslaughter and was sentenced to 25 years imprisonment.  While the defendant did not file a direct appeal of his conviction, he did file an application for Post Conviction Relief (PCR) which was denied.  He then appealed the PCR court's decision to the South Carolina Supreme Court, and his petition for writ of certiorari was denied in April 2010.

STANDARD OF REVIEW

*Summary Judgment*

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that

2

are irrelevant or unnecessary will not be counted." *Id*. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56(e).

Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, *see, e.g.*, *Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir.1990).

### The AEDPA and 28 U.S.C. § 2254

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) apply to this case. *See* 28 U.S.C. § 2244(d)(1). The respondent concedes that the petition, which was filed on July 6, 2010, was filed within the one-year statute of limitations period. However, a petitioner first must exhaust his claims by presenting them to the highest state court with jurisdiction to decide them before seeking relief through the federal writ of habeas corpus. *Coleman v. Thompson*, 501 U.S. 722, 735 (1991); *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997).

The standard of review to be applied to a habeas § 2254 petition is quite deferential to the rulings of the state courts.    State court factual determinations are presumed to be correct, and the petitioner has the burden of rebutting this presumption by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

Pursuant to 28 U.S.C. § 2254, a federal court may not grant a writ of habeas corpus with respect to a claim adjudicated on the merits in state court proceedings unless the state court's adjudication:

(1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, 28 U.S.C. § 2254(d)(1); or

(2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. § 2254(d)(2).

*Burch v. Corcoran*, 273 F.3d 577, 583 (4th Cir. 2001).

The Supreme Court has explained that a state court adjudication is "contrary" to clearly established federal law, only if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *See Williams v. Taylor*, 529 U.S. 362, 413 (2000).

An unreasonable application is different from an incorrect application of federal law, the former being the requisite showing.  Therefore, this court may not issue the writ even if it concludes in its own independent review that the state court merely made an incorrect or erroneous application of the correct federal principles. *Id*.  Demonstrating that a state court's

4

decision is unreasonable requires overcoming a substantially higher threshold than simply demonstrating error. *See Schriro v. Landigran*, 550 U.S. 465, 473 (2007) (citing *Williams,* 529 U.S. at 410). When assessing the reasonableness of the state court's application of federal law, the federal courts are to review the result that the state court reached, not whether its decision was well reasoned. *See Larry v. Branker*, 552 F.3d 356, 365 (4th Cir. 2009) (citing *Wilson v. Ozmint*, 352 F.3d 847, 855 (4th Cir. 2003)). Even a strong case for relief does not mean the state court's contrary conclusion was unreasonable. *Harrington v. Richter*, 131 S.Ct. 770, 786 (2011).

DISCUSSION

*The Magistrate Judge's Report and Recommendation*

In her Report and Recommendation, the Magistrate Judge suggests that Grounds 1, 2, and 4 are procedurally barred from review in this court because the petitioner did not raise them in state court. She also suggests that Ground 3 is procedurally barred. The Magistrate Judge sets forth a thorough explanation of the well established doctrines and requirements of exhaustion and procedural bypass in her Report which the court will not repeat.

*Ground 1*

The petitioner's first ground of error is as follows:

Violation of Petitioner's Due Process Rights Involuntary (plea) by prosecution failure to disclose favorable evidence; did not receive notice of intent to cause death. Supporting Facts: Petitioner contends that on August 17, 2007 he plead guilty to a lesser included offense from murder to manslaughter without receiving adequate notice of the intent to cause the death was an essential element of manslaughter, and the state failed to disclose at the hearing or prior to that the autopsy report (which) stipulated that the cause of death was undetermined—contributing factor cocaine ingestion.

5

The Magistrate Judge opines that this ground is procedurally barred because it was not raised before the PCR court which must be done to preserve an issue for appellate review. The Magistrate Judge also concludes that the petitioner waived his right to preserve the issue for appeal by not filing a Rule 59(e) motion to have it addressed by the PCR court.[3]

Finally, the Magistrate Judge opines that petitioner has not satisfied the fair representation requirement (i.e., the ground relied upon must be presented face up and squarely to the state court) because petitioner's only mention of the failure to disclose the autopsy report was during his PCR evidentiary hearing in the context of his claim that his guilty plea was involuntary. There was no mention of it in the PCR application or counsel's amendments thereto.

In addition, the court finds that petitioner has not shown sufficient cause and prejudice, or a miscarriage of justice,[4] to overcome the procedural default on Ground 1.

### Ground 2

Petitioner's second ground for error is as follows:

---

[3]  In *Bostick v. Stevenson*, 589 F.3d 160 (4th Cir.2009), the Fourth Circuit held that, prior to the decision of the South Carolina Supreme Court in *Marlar v. South Carolina*, 375 S.C. 407 (2007), South Carolina courts had not consistently enforced a procedural bar based on the PCR applicant's failure to file a Rule 59(e) motion. *Id*. at 164–65.  As the respondent notes, the petitioner's order of dismissal was issued in October 2009, well after the South Carolina Supreme Court issued its ruling in Marlar. Thus, petitioner's failure to file a Rule 59(e) motion regarding the claims he now raises serves as a procedural bar.

[4]  A petitioner may only overcome the default by showing cause for the default and prejudice therefrom, or that a fundamental miscarriage of justice will occur if the claim is not heard, i.e. an assertion of actual innocence. *See, e.g., Murray v. Carrier*, 477 U.S. 478, 495– 96 (1986).  In making a case for "actual innocence," the proof would need to show "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).

6

Ineffective Assistance of Trial and Appellate Counsel; Supporting Facts: Counsel failed to inform petitioner that the autopsy report, which was part of discovery, specified that the death was undetermined. Petitioner had no indication that the intent to cause death was a [sic] element of manslaughter. (Appellate counsel failed to raise other issues) Defense counsel also did not explain to him that his plea would be a [sic] admission of the design to effect the death, the reason being the autopsy report which is exculpatory.

The Magistrate Judge properly suggests that this claim of ineffective assistance of counsel is also procedurally barred because the petitioner failed to raise the claim before the PCR court. The undersigned concludes that petitioner has not shown sufficient cause and prejudice, or a miscarriage of justice, to overcome the default.

## *Ground 4*

In Ground 4 of his petition, the petitioner states:

Conviction obtained by use of coerced confession. Supporting Facts: Petitioner was deliberately deceived to plead guilty thinking he would get 5 years after counsel advise him that the time would not be severe, several family members testified on record to counsel conduct in reference to pleading to a lesser included offense, without informing defendant that he may not have caused the death.

Here, the Magistrate Judge found that this claim was most likely barred from federal habeas review because petitioner failed to allege in his PCR proceedings that his confession was coerced. The Magistrate Judge also suggested that the claim should be construed as one of ineffective assistance of counsel.

In his objections to the Report, the respondent asserts that this is not a matter of whether the procedural default is questionable, but whether the *interpretation* of the issue is questionable. In other words, the respondent argues that the claim is what it purports to be and should be considered procedurally defaulted as initially suggested by the Magistrate

7

Judge, and ultimately it should not be reviewed on the merits. As the Magistrate Judge notes in her Report, the petitioner's allegation in this Ground 4 that counsel failed to inform him that he may not have caused the death, is directly related to petitioner's Ground 2 (counsel failed to inform the petitioner of the autopsy report), which the Magistrate Judge also found to be procedurally barred.

This court of agrees with the respondent and finds this claim procedurally barred. Thus, a review of the merits of this claim is unwarranted. Even if the issue could be heard, petitioner's challenges to the factual findings would fail. However, the issue raised here—conviction by coerced confession—has been procedurally defaulted.

*Ground 3*

Petitioner's Ground 3 reads as follows:

> Conviction obtained by action of a grand or petit jury unconstitutionally. Supporting Facts: Petitioner alleges that the grand jury could not have been selected or impaneled because their [sic] is not even a body to the indictment, which violates the power to determine any king of class of individuals to be indicated without the elements or body of (indictment).

The Magistrate Judge suggests here that this issue on the sufficiency of the indictment is procedurally barred because it was not first raised at trial or on direct appeal to the state courts.

In his objections to the Report, the respondent contends that this ground should be dismissed for a different reason: Subject matter jurisdiction is a state law issue and a challenge to subject matter jurisdiction is not cognizable in a federal habeas petition, citing *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991)("[I]t is not the province of a federal habeas

8

corpus court to reexamine state-court determinations on state-law questions."); and *Wright v. Angelone*, 151 F.3d 151,158 (4th Cir. 1998) (jurisdiction is a matter of state law). Thus, respondent submits that petitioner has failed to state a claim upon which relief may be granted. *See* 28 U.S.C. § 2254 (d)(1) (application shall not be granted unless the claim was based on an improper application of federal law). Further, the indictment was presented to plea judge who noted, on the record, that the indictment had been true-billed.

This court agrees with the respondent that this claim cannot not be reviewed because it is a state law based claim and only noncompliance with federal law renders a state's criminal judgment susceptible to collateral attack in the federal courts. *See Wilson v. Corcoran*, 562 U.S. ___, 131 S.Ct. 13, 16 (2010). Thus, Ground 3 is not cognizable before this federal court and the court respectfully declines to accept the Magistrate Judge's recommendation and reasoning on this matter.

### The Petitioner's Objections to the Report

In his objections to the Report, petitioner concedes that the Magistrate Judge's procedural history of his trial and appeal are correct, "to the extent that it does not preclude his habeas corpus relief." Petitioner also contends that Grounds 1, 2 and 4, when read in combination, can be construed to allege an "actual innocence claim" to entitle him to habeas corpus relief notwithstanding any procedural bar."

As indicated earlier in this order, the Magistrate Judge is of the opinion that Grounds 1, 2, and 4 are procedurally barred. Also, this court has found that Ground 3 is not cognizable in this court because it is based on a state law claim.

Petitioner does not put forth any cause or prejudice for the defaults. Instead, he notes that as an alternative to demonstrating cause for failure to raise his claim, he must show a miscarriage of justice, and that he is actually innocent. Petitioner's submits that because the prosecution failed to disclose the *Brady* evidence of the Autopsy Report that was "exculpatory, proving that he did not, in fact, cause the victim's death, that such evidence supports his factual innocence claim.

Petitioner then re-raises claims that the prosecution engaged in misconduct by using improper methods to obtain his guilty plea and that, coupled will counsel's failure to inform him of the autopsy report, while advising him to plead guilty, was ineffective assistance of counsel. The petitioner contends in his objections that these alleged misdeeds by the prosecution and defense counsel amount to a miscarriage of justice that resulted in the conviction of an innocent defendant.

In *Smith v. Murray*, 477 U.S. 478, 496 (1986), the Supreme Court held that a fundamental miscarriage of justice occurs only in extraordinary cases, where a constitutional violation has probably resulted in the conviction of someone who is actually innocent. Actual innocence is defined as factual innocence, not legal innocence. *See Bousley v. United States*, 523 U.S. 614, 623 (1998).

As to Ground 3 (subject matter jurisdiction), the petitioner contends that the respondent is misplaced as to the basis of his jurisdictional claim: that is, the petitioner did not claim the indictment was insufficient, rather he asserts that there was no indictment charging him with murder. He contends that there was no August 2, 2007 term of General

Sessions court held in Lancaster County to even present a murder indictment to the Grand Jury. Thus, the petitioner again argues that the trial court lacked subject matter jurisdiction to adjudicate his case.

Finally, petitioner contends that he was allegedly indicted for murder, but pled guilty to the lesser included offense of manslaughter and because there was no presentment of an indictment for that offense and no valid waiver of this charge to invoke subject matter jurisdiction to accept his guilty plea.

The issues raised in petitioner's objections to the Report are merely repetitive of those raised in his original petition and in his response to the respondent's motion for summary judgment. The issues have already been addressed by the Magistrate Judge and this court. As such, the objections are overruled.

The court further finds that petitioner has failed to show cause and prejudice for his defaults or that a fundamental miscarriage of justice occurred or that he is factually innocent of the offense for which he was convicted.

CONCLUSION

After carefully reviewing the record in this case, the Report and Recommendation of the Magistrate Judge, and the parties' objections thereto, the court has concluded that summary judgment for the respondent is appropriate on all claims. The court adopts the Report and Recommendation and incorporates the same herein by reference, except as to the reasoning set forth under Ground 3.

Accordingly, the respondent's motion for summary judgment (ECF No. 19) is granted, and the petition is denied.

Because the petitioner has failed to make "a substantial showing of the denial of a constitutional right," a certificate of appealability is denied. 28 U.S.C. § 2253(c)(2).[5]

IT IS SO ORDERED.

*Joseph F. Anderson Jr*

September 27, 2011                                   Joseph F. Anderson, Jr.
Columbia, South Carolina                      United States District Judge

---

[5] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (West 2009). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).

12